## ACT RELATING TO TAXES FOR BRIDGE PURPOSES UNCONSTITUTIONAL.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL JOHN A. CLINE, PROSECUTING ATTORNEY, v. ROBERT C. WRIGHT, AUDITOR.*

Decided, January 17, 1910.

*Constitutional Law—Bridge Fund—Section 2824, Revised Statutes Unconstitutional.*

That part of Section 2824, Revised Statutes, which provides "that in all cities of the second grade of the first class, and all cities of the second class, one-half of the proportion of said bridge fund collected (under a levy by the county commissioners) upon the property within said cities, in all cases where the city council shall demand it, shall be paid into the city treasury, and shall be expended by such city for the purpose of building and repairing bridges," is unconstitutional.

*W. D. Meals* and *John A. Cline,* for plaintiff.
*Newton D. Baker,* contra.

WINCH, J.; HENRY, J., concurs; MARVIN, J., not sitting.

In this case we hold that the clause of Section 2824, Revised Statutes, which provides, "that in all cities of the second grade of the first class, and all cities of the second class, one-half of the proportion of said bridge fund collected (under a levy by

---

*Affirmed without opinion, *State. ex rel,* v. *Wright, Auditor,* 84 Ohio State, 448.

the county commissioners) upon the property within said cities, in all cases where the city council shall demand it, shall be paid into the city treasury, and shall be expended by such city for the purpose of building and repairing bridges,'' is unconstitutional. We do not base this conclusion solely upon the claim that this legislation is in contravention of the constitutional requiremenι that laws of a general nature shall have uniform operation throughout the state, for we appreciate the fact that there is some force in the suggestion that by general law, both cities and counties are authorized to levy and collect taxes for bridge purposes and expend them in building and repairing bridges, and that a division of funds so raised, or transfer thereof, from one authority to another, may be merely a local matter (though the petition shows no facts which differentiate Cleveland from other cities in the state in that respect) but we are clearly of the opinion that the authority conferred by this special act upon certain cities to demand and to receive one-half of the bridge fund is a conferring of corporate powers, and so is inhibited by Section 1 of Article XIII of the Constitution which provides that: ''The General Assembly shall pass no special act conferring corporate powers.''

Judgment reversed.